By the Court :
The facts set out in the bill are fully supported, but it is very evident that the remedy of-the complainant was at law. The purchase and tender of the note given by Hughes to Walker was a legal discharge of his own note to Hughes. It was not necessary for him to assign that note. By the operation of the contract, the purchase of the note from Walker was for the benefit of Hughes, the maker, an'd intended to extinguish it. It was, in fact, a payment on behalf of Hughes, and nothing more was necessary than an officer to deliver it, as a canceled note.
It is a' general rule, that after a trial at law, the defendant can not sustain a bill for relief in equity, on' facts which would have been a good defense at law. If the complainant had refused to amend his plea, and had suffered the cause to take its course, he might have been put right, either by appeal or writ of error; but having abandoned his legal defense, he is without remedy, so far as Miller is concerned. His interest, however, does not extend to the whole note. He is seeking to recover a part of the amount for .the benefit of the defendant, Hughes, by whom the bill is confessed, and who certainly has no just or equitable claim on the complainant. *Under these circumstances, it would be against equity and good conscience, to suffer the assignee to collect that part of the *264 judgment. As far as his own interest is concerned, he must be permitted to enforce the judgment. But as to the residue, or so much of it as is to be applied to the use of Hughes, a perpetual injunction must be awarded.